# FILED
# UNDER
# SEAL

Prob12C
D/NV Form
Rev. March 2017

**United States District Court**
**for**
**the District of Nevada**

**PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Yoandry Benitez Castellano**

Case Number:  **2:21CR00221**

Name of Sentencing Judicial Officer: **Honorable Madeline H. Haikala**

Date of Original Sentence: **October 14, 2020**

Original Offense: **Access Device Fraud**

Original Sentence: **18 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **July 7, 2021**

Date Jurisdiction Transferred to District of Nevada: **August 9, 2021**

Name of Assigned Judicial Officer: **Honorable James C. Mahan**

**PETITIONING THE COURT**

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime** - **You must not commit another federal, state or local crime.**

   A.  On or about August 29, 2022, Yoandry Benitez-Castellano committed the following offenses: Theft, a violation of Nevada Revised Statute 205.0832, a felony; Burglary, a violation of Nevada Revised Statute 205.060, a felony; and three counts of Forgery, a violation of Nevada Revised Statute 205.090, a felony.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

On September 22, 2022, the undersigned officer and Supervisory United States Probation Officer Todd Fredlund went to 5225 E. Charleston Las Vegas, NV 89142, Sunset Cove Apartments, and spoke with the manager at the leasing office to verify Benitez-Castellano's new rental agreement. On or about August 29, 2022, Benitez-Castellano signed a one-year lease with Sunset Cove Apartments beginning August 30, 2022. Along with his completed application, Benitez-Castellano submitted three (3) Western Union money orders in the amounts of: $1,000, $1,000, and $300. In return, Benitez-Castellano was given access to the apartment that he was providing payment for.

On September 9, 2022, Sunset Cove Management received information from their accountant stating the money orders were invalid and returned unpaid.

On September 23, 2022, Western Union's Financial Intelligence Unit reviewed the three money orders remitted by Benitez-Castellano and determined the amounts were altered. Western Union advised the money orders were purchased on April 26 and 28, 2022, in the amounts of $5.00.

By altering the money orders at some point on or after April 28, 2022, and changing the total amount of $15 to $2,300, Benitez-Castellano committed three counts of forgery, in violation of N.R.S. 205.090. By then presenting the altered/forged money orders to Sunset Cove Apartments in exchange for services, Benitez committed the crime of Theft, in violation of N.R.S. 205.0832. By entering the leasing office and submitting the three (3) forged/altered money orders Benitez-Castellano committed the crime of Burglary, in violation of N.R.S. 205.060.

B. On September 13, 2022, Yoandry Benítez Castellano committed the offense of Fictitious or Revoked Registration, a violation of Nevada Revised Statue 482.545.2, a gross misdemeanor. Benitez Castellano was also cited for committing the offense Driving with a Suspended License, in violation of N.RS. 483.550; Proof of Insurance Required, in violation of N.R.S. 485.185; and Unregistered Vehicle, in violation of N.R.S. 482.545.

On September 13, 2022, at approximately 1:46 p.m., Benitez Castellano was stopped by a Trooper with the Nevada State Police operating a 2015 Toyota Camry bearing temporary tags purportedly issued in Texas (3138U57). This tag was determined to be fictitious. The vehicle was purchased in Nevada and the original issued temp tag for the car was NX965819 with an expiration date of July 28, 2022. The fictitious tag was seized by the Trooper.

Benitez-Castellano was operating this vehicle without a valid driver's license, no proof of insurance, and no proof of registration.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

2.     **<u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.**

    **The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

    On September 19, 2022, Benitez-Castellano reported to the probation office and met with undersigned officer and Supervisory United States Probation Officer Todd Fredlund to address the citation and to answer questions regarding ownership of the vehicle.

    Benitez-Castellano explained the vehicle is his mother's and was purchased by her in Texas approximately three months ago. Benitez-Castellano was asked if he has any documentation to confirm this vehicle was purchased by his mother in Texas. Benitez-Castellano stated he is unsure if his mother would be willing to give him such documentation and we would need to make this request directly to her during a home visit.

    Benitez-Castellano then voluntarily offered to provide the Vehicle Identification Number, wherein he pulled out his cellular phone and searched through some text messages. Benitez-Castellano then voluntarily turned over his phone to probation, which was open to a text thread with a photo of the temporary tag purportedly issued in Texas. The text thread was between him and a person listed as "Yenny". In this text thread there is a photo of Benitez-Castellano taking a picture of the VIN which he then sends via text to "Yenny". In a follow-up text he provides "Yenny" with the year, make, and model of the vehicle. "Yenny" then responded with a text asking for the color of the vehicle, which he replies black. "Yenny" then requests money via Zelle and informed Benitez-Castellano that if he did not pay, he/she would simply block him. Based on this text thread reasonable suspicion was established that Benitez-Castellano was paying "Yenny" to produce and provide him with the fictitious temporary tags for the vehicle.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

Based on the information above, probation had reasonable suspicion to believe that Benitez-Castellano has violated a condition of his release by failing to answer inquiries truthfully regarding purchase/ownership of the vehicle. Probation then informed Benitez-Castellano that his search clause was being invoked and his cellular phone was being seized for further review.

During a cursory check of the phone, it locked. The passcode was requested from Benitez-Castellano to continue the search. Benitez-Castellano refused to provide the password as requested. The undersigned officer reminded Benitez-Castellano of his conditions by reading his judgment, which includes computers and other electronic communications or data storage devices or media, and that failure to submit to a search may be grounds for revocation. Benitez-Castellano was given another opportunity to comply with this request and to permit the search of his cellular phone and refused, stating he wants to "see the Judge".

By refusing to provide the passcode to his cellular device and therefore impeding a search of his device, Benitez -Castellano violated his search and seizure condition by refusing to submit to a search.

3. **Must Not Leave District - You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the  probation officer.**

   A. On July 22, 2021, Benitez-Castellano failed to report to the probation office as required. On this same date, Benitez-Castellano called to inform that he was involved in a traffic accident, in which he was cited. Benitez-Castellano then explained that he was in San Antonio, Texas. He stated he travelled to Texas to pick up his property and was considering moving to Texas for employment. Benitez-Castellano was in Texas without permission.

   B. On February 3, 2022, the Probation contacted Benitez-Castellano and instructed him to report to the probation office. Benitez-Castellano initially stated that he would not be able to check in. When questioned about his location, he would not provide details, and ultimately admitted he was in San Antonio, Texas and had been in Texas for at least the past 10 days. Benitez-Castellano was in Texas without permission from the court or probation officer.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

4. **<u>Do Not Unlawfully Use Controlled Substance</u> - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

Benitez-Castellano tested positive for marijuana on February 14, 2022. Benitez denied drug use but admitted to consuming a gummy which he believed to be candy.

5. **<u>Must Report As Instructed</u> - After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.**

A. On July 16, 2021, Benitez-Castellano was instructed by his probation officer to report to the probation officer on July 22, 2021. Benitez-Castellano failed to report as directed. As noted in allegation #3A, it was learned Benitez-Castellano was in Texas on July 22, 2021, without the knowledge or permission of his probation officer.

B. On February 4, 2022, United States Probation Officer Javier Muruato instructed Benitez-Castellano to report to the probation office. Benitez-Castellano informed his probation officer he could not report and ultimately admitted he was in Texas again without permission.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

      ☒ Revoked

I declare under penalty of perjury that the
information contained herein is true and correct,

Executed on **September 29, 2022**

Digitally signed by
Amanda Stevens
Date: 2022.10.03
15:30:44 -07'00'

Amanda Stevens
U.S. Probation Officer

Approved:

Digitally signed by Todd
Fredlund
Date: 2022.10.03 13:48:43
-07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

---

**THE COURT ORDERS**

☐     No Action.
X     The issuance of a warrant.
☐     The issuance of a summons.
☐     Other:

Signature of Judicial Officer
October 4, 2022

Date

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. YOANDRY BENITEZ CASTELLANO,  2:21CR00221

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### September 29, 2022

By way of case history, on October 14, 2020, Benitez-Castellano was sentenced to 18 months imprisonment followed by 3 years supervised release in the United States District Court for the Northern District of Alabama for committing the offense of Access Device Fraud. On July 7, 2021, supervised release commenced in the District of Nevada. On August 9, 2021, The District of Nevada took Jurisdiction of his case.

On July 16, 2021, Benitez Castellano met with probation at his residence, where he indicated he was residing with his mother, Olga Benitez-Castellano. Also residing in the home was another male. Benitez-Castellano was not honest with probation about this individual, stating that he did not know this person well. He was instructed to provide a copy of this person's identification so a record check could be completed. Benitez-Castellano later explained the other occupant residing with his mother is also on supervision but did not know the details; and stated that this person would no longer stay there as it would put him and the other person in violation of their respective conditions of supervision. Upon conclusion of the home visit Benitez-Castellano was directed to report to the probation office on July 22, 2021.

On July 22, 2021, Benitez-Castellano failed to report to the probation office as required. On this same date Benitez-Castellano called to inform probation that he was involved in a traffic accident, in which he was cited. Benitez-Castellano then explained that he was in San Antonio, Texas. He stated he travelled to Texas to pick up his property and was considering moving to Texas for employment. Benitez-Castellano was in Texas without permission. When questioned further about employment and residence in Texas, Benitez-Castellano could not provide legitimate employment and had no address, stating he would establish a residence in Texas shortly. Probation informed Benitez-Castellano this was unacceptable and instructed him to immediately return to Nevada and report to the office.

On July 27, 2021, Benitez-Castellano reported to the office as directed. The offender met with his assigned officer and was verbally admonished for not being honest, receiving a traffic citation, failing to report as instructed, and traveling to Texas without permission. To avoid future violation conduct, the conditions of supervision and travel procedures were reviewed with the offender by his probation officer. Benitez-Castellano ultimately indicated he would remain in Las Vegas, Nevada with his mother. The Sentencing district was notified of his violation conduct, and no adverse action was requested from the Court at the time. Instead, transfer of jurisdiction of the case was recommended as Benitez-Castellano had no ties or desire to return to the sentencing district.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

In December 2021, Benitez-Castellano requested permission to relocate to Texas, indicating he had a viable residence and employment opportunity. On February 1, 2022, the relocation request was denied by the United States Probation Office in Texas. It was reported by the investigating United States Probation Officer that Benitez-Castellano had established residency and was purportedly employed in San Antonio, Texas, for some time prior to his request to relocate. He was once again in Texas without the knowledge or permission of his probation officer.

On February 3, 2022, Benitez-Castellano was contacted by his probation officer and instructed to report to the probation office. Benitez-Castellano initially stated that he would not be able to check in. When questioned about his location, he would not provide details, and ultimately admitted he was in San Antonio, Texas and had been in Texas for at least the past 10 days. Benitez-Castellano was instructed to immediately return to Nevada and report to the probation office.

On February 7, 2022, Benitez-Castellano reported to the probation office as instructed. He was verbally admonished regarding not being honest and leaving the District of Nevada without Permission for a second time. In response to the violation conduct, Probation requested Benitez-Castellano agree to placement at the Residential Reentry Center (RRC) for a period of 90 days. Benitez Castellano did not agree with RRC Placement and requested a hearing before Your Honor.

A petition for summons was filed with Your Honor on February 8, 2022, and a court date was set for March 9, 2022. On March 9, 2022, the matter was continued for 90 days and a new court date was set for June 8, 2022. On June 7, 2022, Your Honor signed a Stipulation to Dismiss Petition to Modify Conditions of Release Without Prejudice.

As detailed in this petition, on September 13, 2022, Benitez Castellano was stopped by Nevada State Police driving a black Toyota Camry with temporary tags from Texas. The Trooper who conducted the traffic stop noted that the vehicle was purchased in Nevada, and was given a temporary tag, NX965819, which had expired July 28, 2022. It was determined that Texas tag on the vehicle was fictitious. The Trooper removed the fictitious tag, and charged him in accordance with NRS 485.545, Fictitious or Revoked Registration, a gross misdemeanor, and cited Benitez-Castellano with the offense of Driving on a Suspended License, Proof of Insurance Required, and Unregistered Vehicle. Benitez has a court date set for December 2022 to address the traffic violations.

On September 19, 2022, Benitez-Castellano reported to probation as requested to address the citation and to obtain information regarding the vehicle. Benitez-Castellano does not report a vehicle on his monthly supervision reports, and probation wanted to inquire as to whom the vehicle belonged to. Benitez-Castellano informed the undersigned officer that the vehicle belonged to his mother, Olga Benitez Castellano, and stated she purchased it in Texas about three months ago. The undersigned officer asked whether Benitez-Castellano had documents to support his statement and he replied that his mother would not give him the documents.

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

Benitez-Castellano was also questioned about the fictitious plate, in which he stated that the plate was legitimate, and the car was purchased in Texas. He informed the undersigned officer that upon taking the vehicle through the carwash the temporary plate was damaged and that he reached out to Texas to obtain a new plate. Benitez-Castellano then voluntarily offered to provide proof of him inquiring about a new plate wherein he pulled out his cellular phone and searched through some text messages. Benitez Castellano then voluntarily turned over his phone to probation, which was open to a text thread with a photo of the temporary tag purportedly issued in Texas. The text thread was between him and a person listed as "Yenny". In this text thread there is a photo of Benitez-Castellano taking a picture of the VIN which he then sends via text to "Yenny". In a follow-up text he provides "Yenny" with the year, make, and model of the vehicle. "Yenny" then responded with a text asking for the color of the vehicle, which he replies black. "Yenny" then requests money via Zelle and informed Benitez-Castellano that if he did not pay, he/she would simply block him. There is reasonable suspicion, based on this text thread that Benitez-Castellano was paying "Yenny" to produce and provide him with the fictitious temporary tags.

Probation had reason to believe that the fictitious tags were purchased by Benitez-Castellano given the context of the conversation between him and "Yenny." Supervisory United States Probation Officer Todd Fredlund invoked the search condition to better assess the situation and verify if he was giving truthful statements. Benitez-Castellano was reminded of his conditions and informed that his phone would be searched. Benitez-Castellano stated he understood, while conducting a cursory search of his cellular device the phone timed out and locked. Benitez-Castellano was asked to provide probation with the passcode to finish the search. Benitez-Castellano refused to provide the passcode, even after being reminded of his conditions of supervision, Benitez simply stated he wanted to see the Judge.

Benitez-Castellano returned to the probation office on September 20, 2022 and was presented with another opportunity to provide the pass code for the phone to conduct the search in which he refused again. By failing to provide the pass code to his cellular phone, Benitez-Castellano is refusing probation to conduct a search pursuant to his conditions of supervision.

On September 22, 2022, the undersigned officer attempted a home inspection on Benitez-Castellano's residence given his recent move to his newly reported address. No one answered and the undersigned officer went to the leasing office to verify Benitez-Castellano is listed as a tenant. Management at Sunset Cove apartments informed the undersigned officer that the apartment was rented to Benitez-Castellano on or about August 29, 2022. The property manager informed the undersigned officer that Benitez-Castellano signed the lease agreement and remitted three (3) Western Union money orders totaling $2,300 to secure his apartment. As detailed in this petition, it was determined the money orders were originally purchased with a value of $5 per money order and altered to reflect a much higher value.

On September 28, 2022, the undersigned officer observed Benitez-Castellano's black Toyota Camry in the parking lot of his apartment complex bearing the fictitious Texas tags. The temporary tag contained the same numbers as the fictitious plate removed by the Trooper with

**RE: Yoandry Benitez Castellano**

Prob12C
D/NV Form
Rev. March 2017

Nevada State Police on September 13, 2022. plate on the vehicle. It appears that Benitez-Castellano once again put fictitious tag on this vehicle.

Once again Benitez appears to be involved in fraud, which is supported by the fact that Benitez-Castellano provided Nevada Highway State Police with false information and a fictitious plate, which was removed from the vehicle by the citing officer. Benitez -Castellano also provided the same proof by way of his cellular device to probation to excuse his behavior. Benitez-Castellano also provided Sunset Cove Apartments with forged and altered money orders as payment for and security deposit for first month's rent. Benitez-Castellano continues to reside at Sunset Cove knowing that the monies he provided are in fact fraudulent.

As detailed in this petition, Benitez-Castellano is engaged in criminal activity and a warrant to initiate revocation proceedings is recommended. It is further recommended Benitez-Castellano remain in custody pending his revocation hearing as a risk of flight and financial danger to the community.

Respectfully submitted,

Digitally signed by Amanda
Stevens
Date: 2022.10.03 15:35:10
-07'00'

Amanda Stevens
U.S. Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2022.10.03 13:49:04 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer